**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

NAYMON DARNELL STEWART,

        Petitioner,

v.    Case No. 20-11741

PEOPLE OF THE STATE OF MICHIGAN,

        Respondent.

_____/

**ORDER TRANSFERRING SUCCESSIVE HABEAS CORPUS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On April 14, 2020, Naymon Darnell Steward filed a habeas corpus petition under 28 U.S.C. § 2254.[1] (ECF No. 1.) In that petition, he challenges his state court convictions for second-degree murder, Mich. Comp. Laws § 750.317, and felony firearm, Mich. Comp. Laws § 750.227b. Because this petition is an unauthorized successive petition, the court will transfer the petition to the Sixth Circuit Court of Appeals.

Petitioner previously filed a petition for writ of habeas corpus with this court in 2017. *See Stewart v. Harry*, No. 17-10889 (E.D. Mich.) (Cohn, J.). The court dismissed the petition because it was filed after expiration of the one-year limitations period applicable to habeas actions and denied a certificate of appealability. *See Stewart*, No. 17-10889 (E.D. Mich. Mar. 30, 2017). The Court of Appeals also denied a certificate of appealability. *Stewart v. Harry*, No. 17-1494 (6th Cir. Nov. 21, 2017).

---

[1] The petition was docketed on July 8, 2020. The docketing delay was caused by mailing issues associated with the ongoing Covid-19 pandemic.

A petitioner challenging a state court judgment under 28 U.S.C. § 2254 must "seek authorization in a federal appeals court before filing a 'second or successive application' in district court." *In re Stansell,* 828 F.3d 412, 414 (6th Cir. 2016) (quoting 28 U.S.C. § 2244(b)(3)(A)). A habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b) if the petition challenges the same conviction(s) challenged in a prior petition and the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)). Federal "district courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals." *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016).

Petitioner challenges the same convictions challenged in his earlier petition, which the court denied on the merits. *See In re Cook*, 215 F.3d at 608 (explaining that dismissal with prejudice based on a procedural default is a decision "on the merits" for purposes of § 2244(b)(3)); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (explaining that dismissal of a habeas petition for failure to comply with the statute of limitations is a decision "on the merits"). Therefore, the current petition is "second or successive" to the 2017 petition. Petitioner failed to seek preauthorization from the Court of Appeals before filing the instant petition. When a successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

IT IS ORDERED that the Clerk of Court TRANSFER this case to the Sixth Circuit Court of Appeals for authorization.

s/Robert H. Cleland         /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 20, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 20, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\20-11741.STEWART.successive.petition.MBC.HEK.docx